## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CARL SMITH,

                Plaintiff,

vs.

Case No. 14-CV-412-CVE-FHM

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Carl Smith, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 3, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held November 6, 2012. By decision dated December 5, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 22, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 41 years old on the alleged date of onset of disability and 45 at the time of the ALJ's denial decision  He completed the tenth grade and formerly worked as radial drill press operator and warehouse worker. He claims to have been unable to work since January 1, 2009 as a result of right wrist impairment due to two resections of ulnar nerve neuroma, chronic fatigue since heart valve surgery, lumbosacral radiculopathy, headaches, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and carry 20 pounds occasionally, in an eight hour workday he can stand/walk for 6 hours with normal breaks. He can occasionally climb, bend, stoop, squat, kneel, crouch, crawl, push/pull with the right upper extremity, and occasionally operate foot controls. He is slightly limited in twisting his head. He requires low light and low noise in a work environment and rough, uneven surfaces, heights, and fast, dangerous machinery need to be avoided. There is a slight limitation in fingering, feeling, and gripping with the right

upper extremity. There is no restriction in the use of his left hand. There are no limitations due to depression, anxiety, and substance abuse. He is limited to simple, routine, and repetitive tasks. [R. 499-500]. Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that: the ALJ erred in failing to include severe impairments of depression and anxiety in the RFC; the ALJ erred in failing to express RFC limitations in terms of work-related limitations; and the ALJ failed to properly apply the treating physician rule.

### **Analysis**

### Depression and Anxiety

The ALJ stated the RFC contained no limitations due to depression and anxiety, but found Plaintiff was limited to performing simple, routine, and repetitive tasks. [R. 500]. Plaintiff argues that the RFC finding of no limitations due to depression and anxiety is not supported by substantial evidence because that finding is inconsistent with the ALJ's finding at step two of the evaluative sequence that depression and anxiety are severe impairments. [R. 498].

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

The ALJ performed the PRT and found Plaintiff had mild restrictions in activities of daily living, noting Plaintiff's limitations appear to arise from physical limitations not mental ones. [R. 499]. The ALJ found Plaintiff had mild difficulties in social functioning based on the Global Assessment of Functioning (GAF) rating by the psychological examiner. *Id.* The ALJ also found that Plaintiff had moderate difficulties in the area of concentration, persistence, or pace because Plaintiff's "adjustment disorder and anxiety could interfere with his concentration and focus to some slight to moderate degree." *Id.* These PRT findings are not RFC findings. PRT findings are employed at step two to identify whether Plaintiff's alleged mental impairments are considered medically severe. 20 C.F.R. §§ 404.1520(a)(4)a(ii), 416.920(a)(4)(ii). At step two, the claimant must prove he/she has a medically severe impairment or combination of impairments that significantly limits the

ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c),

416.921(a). The severity determination is based solely on medical factors. *Williamson v.*

*Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de

minimis" showing of an impairment, a "claimant must show more than the mere presence

of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). PRT

findings are used at step three to determine whether Plaintiff's mental impairments meet

the criteria set out in the listings of impairments, 20 C.F.R. Pt. 404, Subpt. P, App.1, such

that Plaintiff is presumptively disabled. 20 C.F.R. §§ 404.1525, 416.925. Thus, PRT

findings of themselves are not RFC findings. *See Chrismon v. Colvin*, Fed.Appx. 892, 897-

98 (10th Cir. 2013)(discussing the difference between PRT and RFC findings).

In the present case, the ALJ stated there were no restrictions due to depression or

anxiety. [R. 500]. Plaintiff states he:

> challenges the ALJ's RFC finding of "no restriction" contending
> it is unsupported by substantial evidence and the ALJ's further
> conclusion at step four[2] that this mental impairment would
> impose no limitation on his ability to work and the ALJ's
> consequent failure to include any mental limitation in his RFC
> assessment or in his hypothetical questions to the vocational
> expert (VE).

[Dkt. 12, p. 4](footnote added). Despite the finding of no restrictions due to depression or

anxiety, the ALJ none-the-less limited Plaintiff to the performance of simple, routine, and

repetitive tasks. [R. 500]. Plaintiff's "challenge" is unaccompanied by any reference to the

record that would demonstrate the existence of greater work-related mental limitations. It

is Plaintiff's responsibility to provide evidence of functional limitations resulting from his

---

[2] The ALJ found in Plaintiff's favor at step four that Plaintiff could <u>not</u> return to his past relevant work. [R. 502].

conditions. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Further, on appeal it is Plaintiff's duty to support arguments with references to the record and to tie relevant facts to the legal contentions asserted. The court will not "sift through" the record to find support for the Plaintiff's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). In sum, Plaintiff has argued in general terms that the ALJ's RFC is wrong, but Plaintiff has not supported his argument by specifying what functional limitations he claims are demonstrated in the record that were not included in the RFC. Plaintiff has not demonstrated that greater mental work-related restrictions are required by the record in this case.[3] The undersigned finds that the ALJ's RFC findings limiting Plaintiff to the performance of simple, routine, and repetitive tasks are supported by substantial evidence.

RFC Finding

Plaintiff argues that the ALJ's RFC limiting him to the performance of simple, routine, and repetitive tasks is not expressed in terms of work-related functions or work-related mental activities. Plaintiff further states that the performance of simple tasks does not

---

[3] The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence.

adequately account for the PRT finding of moderate difficulty in concentration, persistence, or pace.

The undersigned finds no error in the ALJ's formulation of the RFC in regard to mental impairments. No treating physician or consultative examiner identified any work-related limitations in mental functioning. The state Disability Determination Service (DDS) psychologists who reviewed Plaintiff's records found Plaintiff's mental condition to be non-severe, [R. 1065, 1076], and consequently found no work-related mental limitations. Accordingly, in the present case the undersigned finds no error in the ALJ's expression of Plaintiff's limitations in the RFC as simple, routine, and repetitive tasks.

Plaintiff cited *Jaramillo v. Colvin*, 576 Fed.Appx. 870, 874 (10th Cir. 2014) where the Court was critical of an ALJ's restriction to "simple, routine, repetitive, and unskilled tasks" as being unconnected to the moderate limitations a physician found to exist. [Dkt. 12, p. 5]. Plaintiff argues that the instant case contains a similar error because the ALJ's PRT analysis contains a finding that Plaintiff has moderate difficulties in concentration, persistence, or pace and the ALJ's limitation to simple, routine, and repetitive tasks does not adequately account for those moderate difficulties. The undersigned rejects this argument for reasons discussed above and also because *Jaramillo* is inapposite.

In *Jaramillo* the ALJ stated he gave great weight to the opinion of a Dr. Mellon who found Plaintiff had moderate limitations in the work-related areas of carrying out instructions, attending and concentrating, and working without supervision. However, the ALJ's RFC limitation to simple, routine, and repetitive tasks did not clearly include Dr. Mellon's findings. Notably, Dr. Mellon's findings were not PRT ratings, but work-related limitations. In contrast to *Jaramillo*, in the present case no physician found Plaintiff to have

7

work-related mental limitations. In fact, the DDS experts found Plaintiff's mental impairments to be non-severe. [R. 1065, 1076]. The mental consultative examiner, Dr. Morgan, opined that Plaintiff's psychological symptoms seemed to be transient. [R. 501, 1050]. Further Dr. Morgan gave Plaintiff a Global Assessment of Functioning (GAF)[4] score in the range of 71-75 which indicates Plaintiff had no more than a slight impairment in social and/or occupational functioning from a mental perspective. [R. 501, 1050]. The undersigned finds that the ALJ did not commit the error discussed in the *Jaramillo* case. The undersigned further finds no error in the ALJ's RFC limiting Plaintiff to simple, routine, and repetitive tasks.

<u>Treating Physician's Restrictions</u>

Plaintiff argues that the ALJ erred in failing to include in the RFC permanent work-related restrictions imposed by his treating physician, Dr. Wong. After performing surgery and treating Plaintiff's right hand, Dr. Wong released Plaintiff from his care with a permanent fifteen pound weight restriction and a prohibition against using vibrating tools. [R. 1099]. The ALJ acknowledged these restrictions, [R. 501], and stated he gave "great weight" to the report by Dr. Wong, [501]. However, the ALJ failed to include these restrictions in the RFC. Instead, the ALJ found Plaintiff has the RFC to lift and carry twenty pounds occasionally. [R. 499]. No restriction on use of vibrating tools was included in the

_____

[4] The Global Assessment of Functioning (GAF) score is a subjective rating on a one hundred point scale, divided into ten numerical ranges. The GAF permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning. *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders,* 32, 34 (Text Revision 4th ed.2000)("DSM-IV-TR"). The DSM-IV-TR instructs that the GAF scale has two components: the first part covering symptom severity, and the second part covers functioning. If <u>either</u> the symptom severity <u>or</u> the level of functioning falls within the range, a GAF within that range should be assigned. And, where the symptom severity and level of functioning are discordant, the GAF rating should reflect the worse of the two. *Id.* at 32-33.

RFC. Plaintiff argues that the case must be remanded to determine what jobs exist with an RFC that includes Dr. Wong's restrictions.

Although none of the jobs identified by the vocational expert,[5] are listed in the Dictionary of Occupational Titles (DOT) as including vibration as a factor of the job, three of the five jobs identified by the vocational expert are light jobs. That is, they require occasional lifting of up to twenty pounds and are therefore outside of Dr. Wong's permanent restrictions. The light jobs are: rental clerk, DOT # 295.357-010; parking lot attendant, DOT# 915.667-014; arcade attendant, DOT# 342.667-014. The two remaining jobs are sedentary jobs and require occasional lifting of up to ten pounds: order clerk, DOT # 209.587-014 (7,500 jobs regionally/72,000 nationally); and clerical mailer, DOT # 209.587-010 (5,000 jobs regionally/92,000 nationally). [R. 503].

Plaintiff further argues that the RFC limitation to simple, routine, and repetitive tasks precludes his performance of the jobs identified by the vocational expert that the DOT identifies as having a reasoning level three, which requires the worker to: "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* DOT#209.587-014, 1991 WL 671798. The Tenth Circuit has held that reasoning level three seems to be beyond the RFC limitations of one limited to simple, routine, and repetitive tasks. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).

_____

[5] Rental Clerk, DOT #295.357-010, 1991 WL 672589; Arcade Attendant, DOT # 342.667-014, 1991 WL 672848; Parking Lot Attendant, DOT # 915.667-014, 1991 WL 687870; Order Clerk, DOT # 209.587-014, 1991 WL 671798;Clerical Mailer, DOT # 209.587-010, 1991 WL 671797.

When the reasoning level three jobs and the light exertion jobs are removed from consideration, only the job of clerical mailer, DOT # 209.587-010 (sedentary exertion, reasoning level two), remains. There are 5,000 clerical mailer jobs in the region and 92,000 nationally. Work exists in the economy when there is a significant number of jobs in one or more occupations having requirements which Plaintiff is able to meet with his physical and mental abilities and vocational qualifications. 20 C.F.R. §§ 404.1566(b), 416.966(b). The undersigned notes that Plaintiff has not objected to the number of clerical mailer jobs and being an insignificant number. However, the finding that a number of jobs is significant for purposes of 20 C.F.R. §§ 404.1566(b), 416.966 (b) is a finding to be made by the ALJ. *Keyes-Zachary v. Colvin*, 2015 WL 65528, *7-8 (N.D. Okla.). As a result, the undersigned finds that the ALJ's decision should be REVERSED and the case REMANDED for further considertaion.

### Conclusion

The undersigned RECOMMENDS that the ALJ's decision be REVERSED and the case REMANDED for further consideration of the RFC in light of Dr. Wong's restrictions and for consideration and discussion of whether the number of clerical mailer jobs constitutes a significant number of jobs to satisfy 20 C.F.R. §§ 404.1566(b), 416.966(b).

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 27, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 13th day of August, 2015.


_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE